# WINTER SESSIONS,

## 1898.

———•———

WILLIAM H. TERRY *vs.* JOHN E. V. PLATT AND DAVID W. ELKINTON, trading as Platt and Elkinton.

*Fraud—Evidence—Partnership—Notes—Contract—Money Paid.*

1. It is not necessary that proof of fraud be direct and positive; it will be sufficient if the circumstances disclosed by the evidence manifestly show that the fraud has been practiced.

2. If one of a firm makes and delivers a note signed by him, in the name of the firm, to secure his individual debt, with the knowledge of the payee, the firm is not liable on the note.

3. When two parties are the only partners in two distinct partnerships, each of which made a note to the same payee, the payee cannot in the same action in one of the partnership names, recover on both notes.

4. A note made on Sunday, and delivered on a week day, is good.

5. When a note was made and delivered on Sunday, under a verbal contract then made, the payee cannot recover under a common count for money paid, as the verbal contract would be void, and could not be enforced.

6. No admissions or payments of interest on a note, made by one partner after the dissolution of the partnership, will take the note out of the statute of limitations as to the other partners.

7. A party to a civil action cannot be called by the opposite party, and examined as on cross-examination, but thereby becomes a witness generally.

*(February 14, 1898.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Walter H. Hayes* for plaintiff.

*Anthony Higgins* and *Philip Q. Churchman* for defendant.

Superior Court, New Castle County, February Term, 1898.

ACTION ON THE CASE, based upon two promissory notes for five hundred dollars each. The declaration contained two special counts and one general count for money paid.

The first count in the declaration set out a promissory note as follows:

" $500.00.                              January 31, 1892.

Eleven months after date we promise to pay to the order of Wm. H. Terry, five hundred dollars and interest semi-annually without defalcation or discount for value received.

(Signed)      PLATT & ELKINTON."

The second count set forth the following promissory note:

" $500.00.                              September 5, 1892.

One month after date we promise to pay to the order of Wm. H. Terry, five hundred dollars without defalcation or discount for value received.

(Signed)      BUFORD MILLS PLATT & ELKINTON."

Pleas: non-assumpsit, payment, set-off, act of limitations

It was admitted that the defendants, John E. V. Platt and David W. Elkinton, composed the firm of Buford Mills Platt and Elkinton, and also the firm of Platt & Elkinton; that under the latter name they were engaged in the grocery business in the town of New Castle, under the direct management of said Elkinton, and under the former firm name a milling business was carried on at the old Smalley Mills, in Christiana Hundred, New Castle County, under the immediate charge of said Platt.

At the trial Mr. Higgins moved for a rule to set aside the second count of the declaration on the ground of irregularity, because of a variance appearing on the face of the record, and presented the following affidavit of David W. Elkinton in support of his contention:

"Be it remembered that on this 14th day of February, A. D. 1898, before me, Victor B. Woolley, Prothonotary of said Court and County, personally appeared David W. Elkinton, who, being by me first duly sworn according to law, doth depose and say that he is one of the defendants in the above entitled cause; that this defendant and John E. V. Platt, the other defendant in this

suit, were co-partners in two different co-partnerships, firms and businesses, to wit, one being the firm of Platt & Elkinton, doing business as merchants in the town of New Castle, Delaware, and the other co-partnership being under the firm name and style of Buford Mills, Platt & Elkinton, in the business of milling at the Buford Mills, near Christine, New Castle County, Delaware; that the two co-partnerships were composed of the same individuals, but were distinct entirely from one another in their business transactions and accounts, liabilities and assets; that there was not, to the best of this deponent's knowledge and belief, any partnership between him and the said John E. V. Platt in relation to the two several notes which are the causes of action in this suit, copies of which are filed with the plaintiff's declaration, or either of them; that the note bearing date January 31, 1892, and signed Platt & Elkinton, if made by the said John E. V. Platt, was not made by him by the authority of the firm of Platt & Elkinton; that the note bearing date September 5, 1892, and signed Buford Mills, Platt & Elkinton, if made by the said John E. V. Platt, was not made by him by the authority of the firm of Buford Mills, Platt & Elkinton, but that both of said notes were made, to the best of the knowledge and belief of this deponent, by the said Platt for his own individual benefit and with the knowledge of the plaintiff, and were not partnership transactions at all in respect of either of said co-partnerships; that the signature of Platt & Elkinton made to the note bearing date of January 31, 1892, was not made by this defendant, nor by the said John E. V. Platt or any other person with the knowledge and consent of this defendant, but, on the contrary, if made by the said Platt, was not made by him as a partner of this defendant, or as the agent of this defendant as one of the co-partnership of Platt & Elkinton; that the signature of Buford Mills, Platt & Elkinton, made to the note bearing date September 5, 1892, was not made by this defendant nor by the said John E. V. Platt or any other person with the knowledge or consent of this defendant, but, on the contrary, if made by the said Platt, was not made by him as a partner of this defendant, or as the agent of this defendant as one of the co-partnership of Buford Mills, Platt & Elkinton."

LORE, C. J :—We cannot make such an order as you ask for at this stage of the case.

*Mr. Higgins* then asked to note an exception to the ruling of the Court, as it could do no harm.

LORE, C. J :—If you want it to go on the record that you take an exception, we have no objection, if it is a matter that you can except to.

*Mr. Hayes*, for plaintiff, called John E. V. Platt, one of the defendants, to the witness stand and asked to be permitted to examine him under the statute (Rev. Code, p. 797) as on cross-examination.

This was objected to by Mr. Higgins, who contended that the statute did not apply, and that counsel by calling the defendant made him his own witness.

LORE, C. J :—Prior to that statute, a party in interest could not be called at all as a witness. That statute enabled him to be called on cross-examination. Since then there has been a general statute removing all disabilities of parties to testify. Formerly you could call him in a qualified character, but no other, but now every disqualification having been removed by the statute, he is a perfectly competent witness, and as such you call him, not on cross-examination, but at your peril.

Exception noted for plaintiff.

### PRAYERS FOR PLAINTIFF.

The plaintiff prayed the Court to charge the jury, in part, as follows :

1. That the law presumes that a promissory note made in the name of a partnership is for the debt of the partnership, and is binding on the partners as such.

*Baxter vs. Plunkett, 4 Houst., 450.*

2. "Fraud is never presumed to exist, on the contrary, it must be clearly established by the evidence. For where the circumstances attending the transaction are of a doubtful character

merely, or raise but a bare suspicion of fraud in regard to the party charged therewith, they will not be sufficient evidence of the fact.   The circumstances relied on must be of such a nature as to raise more than a mere suspicion of fraud ; they must be of such significance and force as clearly to establish the facts in the judgment of the jury.''

*Mears vs. Waples, 3 Houst., 619-620; 4 Houst., 85; Ken: Co. R. R. Company vs. Wilson, 5 Houst., 55-56.*

Fraud is a defense never to be presumed merely ; it can only be sustained by direct proof or such circumstantial evidence as clearly and conclusively establishes it to the satisfaction of the jury in any case in which it is alleged and relied on as a legal defense.

*Boyce vs. Cannon, et. al., 5 Houst., 414; Saunders vs. Clark, 6 Houst., 474-475.*

''Unquestionably fraud may be, and usually is, proved by circumstantial and not by direct evidence ; but it is always held that to prove fraud, the circumstances must be both clearly established and conclusive in their nature.''

*Slesinger vs. Topkis, 1 Hardesty, 99; Clayton vs. Cavender, 1 Hardesty, 134.*

It is a principle of law, no less than of charity, not to impute fraud to any conduct of a party which may reasonably be consistent with an honest purpose.

*Massey vs. Stout, 4 Delaware Ch., 284-5.*

### PRAYERS FOR DEFENDANT.

Counsel for David W. Elkinton, defendant, prayed the Court to charge the jury as follows :

1.   That if the jury believe from the evidence that the promissory note bearing date January 31st, 1892, was delivered by John E. V. Platt to William H. Terry on Sunday, or that the business in and about the giving of the note between John E. V. Platt and William H. Terry took place on Sunday, that the

plaintiff cannot recover on that note in this action, as the same is void, being in violation of the Sunday law.

2.   That if the jury believe from the evidence that the two notes in question were given to secure an individual indebtedness of John E. V. Platt to William H. Terry, and not an indebtedness of Platt & Elkinton, and that William H. Terry, the plaintiff, had knowledge thereof, then the plaintiff cannot recover against the firm of Platt & Elkinton in this action.

3.   That if the jury believe from the evidence that the note bearing date September 5, 1892, signed Buford Mills, Platt & Elkinton, was made by a different firm than the firm of Platt & Elkinton, who are sued in this case that the plaintiff cannot recover on that note.

4.   One partner of a firm, after the dissolution of the firm, cannot revive a debt or claim for money loaned so as to bind his co-partner ; therefore, if the jury believe from the evidence that interest on the alleged loans was paid by John E. V. Platt alone, and there was no payment made or interest paid by Elkinton, such payment will not bind Elkinton, and the plaintiff cannot recover for money loaned, as the statute of limitations of three years bars any action from the date of the dissolution on October first, 1892, this action having been commenced on November 25th, 1895.

*Conoway's Admrs. vs. Spicer's Ex., 5 Harr., 425-6; Chambers vs. Fennemore's Admr., 4 Ia., 374; Collier on Partnership, Secs. 425 and 430; Assignees of Warner vs. Allee, 1 Del. Ch., 49; Wood on Limitations, Sec. 287.*

LORE, C. J., charging the jury :

Gentlemen of the jury :—This is an action of assumpsit on two promissory notes, each note being for the sum of five hundred dollars, and alleged to have been made by John E. V. Platt and David W. Elkinton, late trading as Platt & Elkinton, payable to the order of William H. Terry, the plaintiff.   One note bears date January 31, 1892, payable at eleven months thereafter and is signed '' Platt & Elkinton,'' on which interest is claimed

from December 31, 1893. The other note is dated September 5, 1892, payable at one month thereafter, and is signed "Buford Mills, Platt & Elkinton," on which interest is claimed from January 5, 1894.

It is alleged that these notes represent money loaned by the plaintiff to the said Platt & Elkinton, defendants as co-partners, to be used in and about the partnership business.

The defendant, Elkinton, resists recovery on several grounds; some going to both, and others to only one of the said notes.

The first defense is that the notes were made and delivered by and through the fraud and collusion of the plaintiff and the said John E. V. Platt, one of the defendants. Upon this defense of fraud, the law is well stated in the case of *Mears & Son vs. Waples, 3 Houst., 619*, as follows : "Fraud is never presumed to exist. On the contrary, it must be clearly established by the evidence. For where the circumstances attending the transaction are of a doubtful character merely, or raise but a bare suspicion of fraud in regard to the parties charged therewith, they will not be sufficient evidence of the fact. The circumstances relied on must be of such a nature as to raise more than a mere suspicion of fraud ; they must be of such significance and force as clearly to establish the fact in the judgment of the jury. It is not necessary, however, that the proof should be direct and positive, it will be sufficient if the circumstances disclosed by the evidence, manifestly show that fraud has been practiced by the party." The burden of proving such fraud to the satisfaction of the jury is upon the defendant who sets it up in defense, and if not so proved, the plaintiff is entitled to recover upon that ground.

It is objected again, that these notes were both made and delivered by the said Platt, in the firm name, to secure the individual indebtedness of the said Platt to the plaintiff Terry, with the knowledge of the said plaintiff. If the jury believe from the evidence that the notes were so made and delivered, the plaintiff cannot recover. The law will not permit such known perversion of partnership property to private purposes. But to defeat recovery on this ground, the jury must be satisfied from the evidence that there was such perversion of partnership property and

that it was known to the plaintiff Terry. " The presumption of law is, that a promissory note made in the name of a partnership, is for a debt of the partnership, and is binding upon it as such."

    *Baxter vs. Plunkett, 4 Houst., 452.*

Again; recovery upon the Buford Mills, Platt & Elkinton note, dated September 5, 1892, is resisted for the reason that this suit is instituted against Platt & Elkinton, and that this note is signed and purports to have been made by Buford Mills, Platt & Elkinton. The defendant, Elkinton, alleges, that there were two distinct and independent partnerships existing between himself and the said John E. V. Platt ; one known as the Platt & Elkinton partnership ; the other under the name of the Buford Mills Platt & Elkinton partnership.

If the jury is satisfied from the proof in this cause, that there were two distinct and independent partnerships as alleged, the plaintiff cannot recover in this action on that note dated September 5, 1892, made and signed by Buford Mills Platt & Elkinton ; but as to this objection the plaintiff would be entitled to recover on the other note dated January 31, 1892, made and signed by the Platt & Elkinton partnership, the last-named being the partnership against which this suit is brought. If you should find a verdict for the amount of the last note only, on the ground that there were two distinct partnerships, you may state that fact in your verdict.

If, however, you believe there was only one partnership, engaged in business as one branch thereof in merchandising, as Platt & Elkinton, and as another branch in the milling business, as Buford Mills, Platt & Elkinton, the plaintiff would be entitled to recover upon both notes, so far as this objection goes ; as the addition of Buford Mills to the firm name in such case would amount only to matter of description, in distinguishing different branches of the business of one firm.

Again ; it is objected by the defendant, Elkinton, that the note signed Platt & Elkinton, dated January 31, 1892, was made and delivered on that day, which was Sunday, and for that reason no action can be maintained thereon.

CHARGE OF COURT.

This Court, at the last November Term thereof, in this County, in the case of *Spahn vs. Willman,* ruled that a contract made on Sunday is void, and no action could be maintained to enforce it.

Should you therefore be satisfied from the evidence, that the said note of January 31, 1892, was made and delivered by Platt to Terry on Sunday, the Court instruct you that the note was void, and no recovery can be had thereon. But if it was made and delivered, or if delivered on any other day than Sunday then this objection will not avail.

The plaintiff, however, insists that even if the said note is void because of such delivery on Sunday, that he may still recover the amount represented by the note with interest as claimed, under his common count filed in this cause for money loaned by the plaintiff to the defendants.

If the money evidenced by the note of January 31, 1892, was loaned and delivered to Platt by Terry on Sunday under a verbal contract then made, the plaintiff cannot recover such amount on this common count, because such verbal contract would be void, and could not be enforced.

If the money was loaned on any day other than Sunday, the defendant, Elkinton, interposes as a bar to recovery in that case his plea of the statute of limitations, and claims that no recovery can be had on the said common count, because the last advance of money was the one hundred dollars by check June 22, 1892, which was more than three years before November 25, 1895, the date on which suit was brought ; and because no acknowledgment has been made by him which would take the claim out of the statute.

That inasmuch as the partnership of Platt & Elkinton was dissolved October 1, 1892, more than three years before this action was instituted as aforesaid, that no acknowledgment by Platt, after the dissolution of the partnership, would avail in removal of the bar of the statute in respect to the defendant, Elkinton.

The Court instruct you, that if you are satisfied from the evidence that more than three years elapsed between the actual

delivery of the money to Platt and the bringing of this suit, that no recovery can be had on the common count for money loaned ; this, however, does not apply to the note against Elkinton, unless Elkinton himself has made some acknowledgment of the debt within three years, which would take it out of the statute. No admissions, or payment of interest, made by Platt alone after the dissolution of partnership, and after the bar of the statute of limitations had attached to the debt, would bind Elkinton.

Upon the weight of authority, as well as upon reason, we hold that the admission of one partner, made after the dissolution of the partnership, and after the debt has been barred by the statute of limitations, should not bind the other partners. This question is largely one of first impression in this State upon this specific point.

There is also much conflict of authority thereon in adjudged cases, turning largely upon the question as to whether such acknowledgment revived the old debt or created a new obligation; but the decided weight of authority, as well as the trend of recent cases favor the view that we have announced. It seems also more consonant with reason, that the authority of one partner to bind his co-partners, which authority grows out of the formation and existence of the partnership, should cease upon the determination of the partnership. In any event, such authority should not be extended so as to permit one partner, after the dissolution of the co-partnership, to revive against his co-partners a stale claim and one barred by the act of limitation, by any admissions made after the dissolution.

This view of the law, is approved to some extent, by the Court of Errors and Appeals of this State, in the case of *Rice vs. Pennypacker, et. al., 5 Houst., 279 ;* where the Court held, that acknowledgment by a former partner, that claims were subsisting and unpaid, was insufficient to revive them against the representatives of his deceased partners.

Inasmuch as the contention in this case with regard to partnerships, on the one hand is that the firm of Platt & Elkinton, and Buford Mills, Platt & Elkinton, were actually one firm, and on the other hand that they constituted two separate and inde-

pendent firms, it is unnecessary for us to define what constitutes a partnership; the fact of the existence of the partnership in one mode or the other not being a matter of dispute.

Governing yourself by the law as the Court have just laid it down, it is for you to determine from the evidence what, if any, amount is due the plaintiff in this action.

Verdict for plaintiff for $623.33.